United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60268
Summary Calendar
_____

MANUEL WAFIQ,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29 578 621
--------------------

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Manuel Wafiq, a native and citizen of Israel, petitions for
review of the decision of the Board of Immigration Appeals (BIA)
summarily affirming without opinion the immigration judge's (IJ)
denial of Wafiq's motion to reopen as untimely.  Wafiq argues
that the summary disposition procedure of the BIA violates the
Administrative Procedure Act because the procedure "results in
arbitrary and capricious decision-making."  He also asserts that
the IJ improperly relied on evidence outside of the record to

    ---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

refute Wafiq's claim that he did not receive notice of his 1989 hearing.

This court reviews the denial of a motion to reopen for abuse of discretion. Zhao v. Gonzales, 404 F.3d 295, 303-04 (5th Cir. 2005). Wafiq does not challenge the IJ's determination that his motion to reopen, which was not filed until July 22, 2004, was untimely. Wafiq's failure to challenge the conclusion that his motion to reopen was time-barred is the same as if he had not appealed that aspect of the BIA's decision. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003). Consequently, he has not shown that the IJ's ruling was an abuse of discretion, much less arbitrary and capricious. Nor has shown that he suffered any prejudice by the IJ's reference to the comments made by Wafiq's former counsel at the 1989 hearing. Accordingly, Wafiq's petition for review is DENIED.